# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

FILED
at 9 O'clock & 18 min A M
Date 6/28/06

United States Bankruptcy Court
Savannah, Georgia  MAH

In the matter of: )
)
ALFONZO L. HALL )   Adversary Proceeding
(Chapter 7 Case Number 03-61458) )
)   Number 05-6047
*Debtor* )
)
)
ERNEST B. BEASLEY, DANNY D. )
ADDAIR, DENNIS AKINS, RONALD )
BARNES, ANNIE BEDFORD-WILBON, )
ROY JAMES BIGGERS, GEORGE )
BLACK, JOE WILLARD BLALOCK, )
TERRELL WATERS BOHLER, )
LARRY BOWERS, JAMES BRACK, )
BOBBY BUSBY, DONALD THOMAS )
BYRD, INMAN RICKEY CARTEE, )
JOEY CARTER, JAMES MORGAN )
CHESTER, LARRY DANIEL CHILDERS, )
WILLIE JAMES CHILDERS, JAMES )
EARL CLIFTON, JEANETTE CLIFTON, )
HUGH D. COLSON, LINDA J. COOPER, )
KENNETH WAYNE COPI, ALVIN )
CRAWFORD, ANTHONY DEVON )
DAVIS, CHARLES MELVIN DOUGLAS, )
DOLLIE G. DYCHES, DAVID )
FRANKLIN GROOM, LOUIS HAGINS, )
GEORGIA ADA HANNAH, DOUG )
HARRELL, GRADY EDWARD HILL, )
ARJEAN HOLLARD, JIMMY HOOD, )
GREG HOWARD, HAROLD JACKSON, )
HARVEY JACKSON, BILLY B. JONES, )
GEORGE C. JENKINS, LEVON )
STARLING JONES, LESLIE R. )
KICKLIGHTER, TROY LAIRCEY, )
DONNA HENDRIX LANIER, IZELL )
LEE, JOHN WILLIE LEE, DAVID )

AO 72A
(Rev. 8/82)

```
LINDSEY, ROY MCBRIDE, FELICIA      )
MERIDY, JAMES RICKY MILLER,        )
IVEY C. MILLER, JR., EDDIE MINCEY, )
BERNICE DEAN MONROE, DENNIS J.     )
MOORE, JR., NORRIS MURRAY,         )
CALVIN JACKSON MURPHY, JOYCE       )
L. OGLESBY, GRADY PADGETT, JR.,    )
ANTHONY PERKINS, ERNEST PERRY,     )
BLOIS LUCIAN PROSSER, CHARLES      )
JAMES RUCKER, STEVE SHIRAH,        )
JOHN A. SHUMAN, JAMES E. SPIVEY,   )
JERRY L. STEWART, LINDA L.         )
TAYLOR, WALTER L. TAYLOR,          )
SANDRA TILLMAN, PAUL TREMBLE,      )
CARNELL WILSON, collectively       )
ERNEST B. BEASLEY, et al.          )
                                   )
              Plaintiffs           )
                                   )
v.                                 )
                                   )
ALFONZO L. HALL                    )
                                   )
              Defendant            )
```

## MEMORANDUM AND ORDER
## ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The Plaintiffs in this adversary proceeding have filed a Motion for Summary Judgment seeking a declaration that their claims against the Debtor are non-dischargeable and that the Debtor should be denied a Chapter 7 discharge. *See* Dckt. No. 22 (May 1, 2006). The Motion also contains an accompanying brief (the "Brief"). *See* Dckt. No. 24 (May 1, 2006). Their claims are for unpaid wags, misappropriation of 401(k) contributions, and failure to provide health insurance and pay claims while deducting premiums from their pay.

2

The Plaintiffs assert that their claims arising from the misappropriation of their contributions to a 401(k) retirement plan and a health insurance plan are non-dischargeable under both the defalcation and embezzlement components of 11 U.S.C. § 523(a)(4).[1] They also argue that their claims for unpaid wages are non-dischargeable pursuant to Section 523(a)(2)(A). Finally, the Plaintiffs assert that the Debtor should be denied a discharge pursuant to Section 727(a)(5). Because I will grant the Plaintiffs' Motion with regards to the Section 727(a)(5) issue, I will not address their first two arguments.

## FINDINGS OF FACT

An involuntary petition was filed against the Debtor on December 1, 2003. *See* Case No. 03-61458. The Debtor was the single-member owner of International Agile Manufacturing, L.L.C. ("IAM"). The Plaintiffs are 71 former employees of IAM.

As required by Local Rule 56.1, the Plaintiffs have filed a Statement of Material Facts (the "Statement"). *See* Dckt. No. 25 (May 1, 2006). The Debtor signed a financial statement, issued to Eagle Bank, on May 15, 2002, showing total assets of $5,619,000.00 and a net worth of $4,304,607.00. *See* Brief, Ex. M (May 1, 2006). Less than two years later, on February 27, 2004, the Debtor signed his Chapter 7 schedules that listed his total assets as $1,274,563.00 and total liabilities as $3,655,560.03, leaving a net worth of

---

[1] Hereinafter, all Section references are to Title 11 of the United States Code.

negative $2,380,997.03. *See* Statement, p. 7 (May 1, 2006). In addition, the Plaintiffs claim that many of them loaned money to IAM through the WTC Medallion program, and that the Debtor received a total of $700,001.70 in investments from the WTC Medallion program and other personal loans. *See* Id.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 of the Federal Rules of Civil Procedure applies to motions for summary judgment in bankruptcy adversary proceedings. *See* Fed. R. Bankr. Proc. 7056. The party moving for summary judgement has the burden of demonstrating that no dispute exists as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once this burden is met, the non-moving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in a light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party.

Under Local Rule 56.1, the Debtor had twenty (20) days after service of the

Motion to make a response, but no such response was made.[2] Furthermore, pursuant to Local Rule 56.1, all material facts set forth in a moving party's accompanying statement of material facts are deemed to be admitted unless controverted by a statement served by the opposing party. In this case, the Plaintiffs submitted the Statement. Because the Debtor failed to file a response or controverting statement of material facts, the material facts in the Statement are deemed to be admitted.

### CONCLUSIONS OF LAW

Under Section 727(a)(5), a debtor shall be denied a discharge if he fails to "explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). The Plaintiffs have the initial burden of demonstrating that the Debtor has failed to satisfactorily explain his loss of assets. *See* Hawley v. Cement Indus., Inc. (In re Hawley), 51 F.3d 246, 249 (11th Cir. 1995). A prima facie case under Section 727(a)(5) may be made where a creditor demonstrates that there is an unusual and unexplained disappearance of a debtor's assets shortly before the debtor filed for bankruptcy. Grant v. Sadler (In re Sadler), 282 B.R. 254, 266 (Bankr. M.D. Fla. 2002). Once the Plaintiffs satisfy this requirement, the burden shifts to the Debtor to provide a satisfactory explanation for the loss of assets. *See* In re Hawley, 51 F.3d at 249. It is in this Court's discretion to determine whether the Debtor's explanation is satisfactory. *See* Id. ("To be satisfactory, an explanation must convince the

---

[2] The Plaintiffs and the Debtor reached an agreement to extend the Debtor's time to respond to the Motion to June 2, 2006. *See* Dckt. No. 35 (June 8, 2006). Despite this agreement, the Debtor still failed to file a response.

judge.").

The Eleventh Circuit's decision in In re Hawley provides instructive guidance on this matter. In that case, a creditor filed an adversary proceeding pursuant to Section 727(a)(5), citing a $13 million discrepancy between the debtor's list of assets in his Chapter 7 schedules and a financial statement that the debtor had signed fifteen months earlier. Id. at 247. The Eleventh Circuit determined that the creditor sustained its burden by providing evidence of this vast discrepancy to the bankruptcy court. Furthermore, the court concluded that the bankruptcy court did not clearly err in finding that the debtor's explanation did not satisfactorily explain the loss of his assets. Id. at 249 ("Vague and indefinite explanations of losses that are based on estimates uncorroborated by documentation are unsatisfactory."). As a result, the court affirmed the judgment denying the debtor a discharge pursuant to Section 727(a)(5).

In the present case, the Plaintiffs have provided the Court with a Personal Financial Statement from the U.S. Small Business Administration that was signed by the Debtor on May 15, 2002, which lists the Debtor's total assets as $5,619,000.00, total liabilities as $1,314,393.00, and net worth as $4,304,607.00. *See* Brief, Ex. M (May 1, 2006). The Debtor signed his Chapter 7 schedules on February 27, 2004, and they list his total assets as $1,274,563.00 and total liabilities as $3,655,560.03, producing a net worth of negative $2,380,997.03. *See* Brief, Ex. L (May 1, 2006). Therefore, there is a difference of $4,344,437.00 between the assets listed in the Debtor's May 15, 2002 Personal Financial

Case:05-06047-LWD    Doc#:39    Filed:06/28/06    Entered:06/30/06 17:03:35    Page:7 of 8

Statement and his February 27, 2004, Chapter 7 schedules, as well as a reduction in net worth of over $6.6 million.

On the Personal Financial Statement, the Debtor listed cash on hand worth $20,000.00, a savings account worth $50,000.00, IRA or other retirement account worth $65,000.00, accounts and notes receivable worth $90,000.00, and stocks and bonds worth $100,000.00.  Aside from a checking account worth negative $300.00 and stock in First Southern Bank worth $50,000.00, there is no mention on the Debtor's Schedule B - Personal Property of any other assets that match the assets listed on the Personal Financial Statement. In addition, the Personal Financial Statement contained attachments that itemized specific assets.  In particular, on the attachment listing real property, the Debtor listed property in Juriquilla, Mexico.  This property is not listed on the Debtor's Schedule A - Real Property. Furthermore, on the Personal Financial Statement's attachment listing personal property, the Debtor listed an Art Collection worth $480,000.00 and an Antique Automobile worth $150,000.00.  This property is not listed on the Debtor's Schedule B - Personal Property.

The Plaintiffs have carried their burden of demonstrating that the Debtor has not satisfactorily explained the loss of his assets.  The Plaintiffs have provided evidence establishing a loss of more than $4 million worth of assets over the course of twenty-one months.  In addition, the Personal Financial Statement lists significant assets that are not listed on the Debtor's Chapter 7 schedules.  *See* Soft Sheen Products, Inc. v. Johnson (In re Johnson), 98 B.R. 359, 366 (Bankr. N.D. Ill. 1988)(finding a prima facie case under Section

AO 72A
(Rev. 8/82)

7

727(a)(5) where evidence established that the debtor's net worth of $200,000.00 decreased to negative one million dollars in three years).

I hold that the Debtor has not carried his burden. I do not come to this conclusion because I find the Debtor's response unsatisfactory but because he has provided no response at all. The Debtor has provided no explanation for the loss of more than $4 million of assets. There is no explanation for the absence of the real property in Mexico, his art collection, and his antique automobile from his Chapter 7 schedules. Finally, the Debtor has provided no explanation for the whereabouts of the $700,000.00 that he received from the WTC Medallion program and other personal loans.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Plaintiffs' Motion for Summary Judgment is GRANTED. Pursuant to Section 727(a)(5), the Debtor's discharge is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 23rd day of June, 2006.